UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REMARK LLC,

       Plaintiff,                          Case No. 10-12767
                                                HON. GEORGE CARAM STEEH

vs.

ADELL BROADCASTING,

       Defendant.

_____/

## ORDER DENYING PLAINTIFF'S REQUEST FOR ATTORNEY FEES

On September 20, 2011, this court entered an order granting in part and denying in part defendant's motion to dismiss and granting plaintiff's motion for summary judgment. Specifically, the court denied defendant's motion for summary judgment as to plaintiff's copyright infringement and breach of contract claims and granted defendant's motion for summary judgment as to plaintiff's trademark claim. The court's September 20, 2011 order also granted plaintiff's motion for summary judgment as to plaintiff's breach of contract claim and required the parties to submit supplemental briefing concerning plaintiff's argument that it is entitled to an award of attorney fees because defendant has acted in bad faith in refusing to perform under the parties' agreement. Upon review of the parties' briefs, the court concludes that an award of attorney fees is unwarranted under the circumstances.

"It has long been the general rule in the United States that a prevailing party may not

ordinarily recover attorneys fees in the absence of a statute or enforceable contract providing for a few award." Shimman v. International Union of Operating Engineers, Local 18, 744 F. 2d 1226, 1229 (6th Cir. 1984). However, an award of attorney fees to a successful plaintiff may be awarded in exceptional cases "where a defense has been maintained in bad faith, vexatiously, wantonly, or for oppressive purposes." Id. (internal quotations omitted). The bad faith exception "does not allow an award of attorney fees based only on bad faith in the conduct giving rise to the underlying claim." Id. at 1233. "Attorney fees incurred while curing the original wrong are not compensable because they represent the cost of maintaining open access to an equitable system of justice." Id. at 1231.

Here, plaintiff seeks attorney fees because it regarded its communications with defendant to be a binding settlement agreement and deemed defendant's disagreement with this characterization and defense of this lawsuit as unjustified. The court does not agree. Both of defendant's motions to dismiss were granted in part by this court, and its asserted defense that there was no binding settlement agreement between the parties was based on a reasonable, albeit incorrect, characterization of the parties' communications and agreement. Defendant cannot be penalized for mounting a vigorous defense. Id. at 1232 ("A party is not to be penalized for maintaining an aggressive litigation posture . . . .").

Plaintiff's reliance on BA Leasing & Capital Corp. v. Hardy, No. 1:89cv0160, 1990 WL 357438 (N.D. Ohio April 16, 1990) is misplaced. In BA Leasing, the district court concluded that the settlement agreement, reached during litigation and on the eve of trial, did not include any language which conditioned acceptance of the agreement upon the

signing of the agreement. BA Leasing & Capital Corp., 1990 WL 357438, at *6. The district court granted the plaintiff's request for attorney fees because the defendant "had no good faith reason for repudiating the agreement" which "unnecessarily protracted this litigation . . . ." Id. The same cannot be said of defendant's actions in defending this lawsuit.

Similarly, plaintiff is not entitled to attorney fees under 28 U.S.C. § 1927, which allows this court to award attorney fees against an attorney who "multiples the proceedings [] unreasonably and vexatiously . . . ." 28 U.S.C. § 1927. Defendant did not unreasonably and vexatiously protract this litigation, rather, defendant mounted a vigorous defense against plaintiff's claims and should not be penalized for doing so.

Accordingly,

Plaintiff's request for attorney fees is DENIED.

SO ORDERED.

Dated: _____
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 12, 2011, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk